IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                   )
DANIEL FERULLO d/b/a               )
HIT & RUN SPORTS AND GAMES,        )
     Plaintiff                     )
                                   )   Civil Action No. 04-12016NMG
vs.                                )
                                   )
UNITED STATES POSTAL SERVICE,      )
     Defendant                     )
                                   )
_____)
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**I.   INTRODUCTION:**

This proceeding arises out of the claim of plaintiff Daniel Ferullo d/b/a Hit & Run Sports and Games ("Plaintiff") for loss, misdelivery, or negligent transmission of his insured mail items. The defendant, United States Postal Service ("United States"), hereby submits this memorandum of law, together with the exhibits attached hereto,[1] in support of its Motion to Dismiss for the following three reasons:  First, the doctrine of sovereign immunity operates to bar Plaintiff's claim to the extent it

---

[1] Defendant has attached to this memorandum two versions of Issue 58 of the United States Postal Service Domestic Mail Manual("DMM") in support of its argument in favor of dismissing Plaintiff's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and 12(h)(3).  The attachment of these additional materials does not transform this motion from a Rule 12 motion to dismiss to a Rule 56 motion for summary judgment.  See Gonzalez v. United States, et al., 284 F.3d 281, 287 (1st Cir. 2002).  "[I]t is clear that the facts relevant to the determination of subject matter jurisdiction do not go directly to the merits of the plaintiffs' claim."  Id.; see also, Heinrich, 44 F.Supp.2d 408, 412 (D. Mass. 1999), citing Jones-Booker v. U.S., 16 F.Supp.2d 52, 58 (D.Mass. 1998)("[A] court ordinarily may not consider materials outside the pleadings on a Rule 12(b)(6) motion . . . but may consider such evidence on a Rule 12(b)(1) motion . . . ."); White v. Comm'r of Internal Revenue, 899 F. Supp. 767, 771 (D. Mass. 1995) ("A court is not bound by the allegations in the pleadings when considering motions to dismiss for lack of subject matter jurisdiction brought under Rule 12(b)(1)").

sounds in tort, as Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). <u>Second</u>, Plaintiff's claim is barred by the doctrine of Sovereign Immunity because the United States is not liable for "any claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter" pursuant to 28 U.S.C. § 2680(b). <u>Finally</u>, the Postal Service has properly denied Plaintiff's claim for indemnity.

## APPLICABLE POSTAL REGULATIONS

The United States Postal Service was established by the Postal Reorganization Act of 1970, Pub. L. 91-375, 84 Stat. 719 (August 12, 1970) (codified as Title 39, United States Code), as an independent establishment of the United States Government responsible for providing postal service throughout the country. 39 U.S.C. §§ 101(a), 201. Congress empowered the Postal Service to "plan, develop, promote, and provide adequate and efficient postal services," 39 U.S.C. § 403(a), and to "provide such other services incidental thereto as it finds appropriate to its functions and in the public interest." Pursuant to these provisions, the Postal Service is authorized to provide domestic registered and insured services to the general public. <u>See Associated Third Class Mail Users (ATCMU) v. United States Postal Service</u>, 405 F. Supp. 1109, 1115, 1117-18 (D.D.C. 1975), <u>aff'd</u>, <u>National Ass'n of Greeting Card Publishers (NAGCP) v. United States Postal Service</u>, 569 F.2d 570 (D.C. Cir. 1976) (per

curiam), vacated in part, United States Postal Service v. ATCMU, 434 U.S. 884 (1977), remanded, ATCMU v. United States Postal Service, 662 F.2d 767, (D.C. Cir. 1980). The Postal Service's provision of insured mail service is defined by Classification Schedule SS-9, Domestic Mail Classification Schedule ("DMCS"), 39 C.F.R. Part 3001, subpt. C, App. A,[2] and regulations published in the Domestic Mail Manual ("DMM"),[3] which generally contains the regulations of the Postal Service governing domestic mail services.[4] Under DMM provisions, postal customers may elect to insure mail for protection against loss, damage, or rifling. DMM § S913.1.1.[5] Insured mail is dispatched and handled in

---

[2] Classification Schedule SS-9 is part of the Domestic Mail Classification Schedule ("DMCS"). Congress mandated the creation of the DMCS in 39 U.S.C. § 3623(a), as well as procedures for its promulgation. 39 U.S.C. §§ 3621-3625. The DMCS sets forth the Postal Service's product line offered to the public; it exists to categorize products and services so that those products and services that are likely to bear different rates are clearly distinguished from one another. The Postal Service is empowered to promulgate regulations to implement the DMCS, 39 U.S.C. § 401(2), National Retired Teachers Ass'n v. United States Postal Service, 593 F.2d 1360, 1363 (D.C. Cir. 1979), and has done so in the Domestic Mail Manual.

[3] The DMM is incorporated by reference in the Code of Federal Regulations at 39 C.F.R. § 111.1 and form part of the regulations of the Postal Service. 39 C.F.R. § 211.2(a)(2). The DMM is publicly available at, among other locations, all United States Post Offices, and a copy of the DMM is on file with the Director of the Federal Register. 39 C.F.R. § 111.2.

[4] Copies of the DMM regulations with regard to indemnity claims cited herein are attached hereto as **Exhibits A** and **B**.

[5] Mailers are responsible for ensuring compliance with all mailing requirements. Section G0120.2.1 of the DMM provides in clear and unequivocal terms that:

[m]ailers must comply with all applicable postal

transit as ordinary first-, third-, or fourth-class mail, depending upon the service chosen by the mailer. See DMM § S913.1.1.

Mailers may elect to purchase insurance coverage up to $5,000.00 at the time of mailing. See DMM §§ S913.1.1, R900.8.0. In order to secure postal insurance, the customer must prepay insurance fees in addition to the postage. PS Form 3813-P, Receipt for Insured Mail, is issued to the sender for insured mail when it is accepted. See DMM § S913.2.6. Insurance coverage is limited to the actual value of the article mailed, but may not exceed the amount of insurance coverage purchased. See DMM §§ S010.2.11(a), S010.2.13.

In order to secure reimbursement for loss under the insurance coverage provided, a customer must file a claim for indemnity by completing a PS Form 1000, Domestic Claim or Registered Inquiry, and presenting evidence of insurance, evidence of value, and proof of damage or loss. See DMM § S010.2.4, S010.2.5, S010.2.6, S010.2.8 (emphasis added). To substantiate a claim for damage, the article, packaging, and mailing container must be presented to the Postal Service for inspection. See DMM § S010.2.8.

---

    standards. Despite any statement in this document or by any USPS employee, the burden rests with the mailer to comply with the laws and standards governing domestic mail.

Postal regulations clearly provide that coverage is not available for damage caused by shock or transportation environment in the absence of evidence of damage to the mailing container. See DMM § S010.2.14(p). Additionally, if the contents are sufficiently fragile so as to prevent their safe carriage in the mail, no reimbursement is available, regardless of how well the article is packaged. See DMM § S010.2.14(m).

Under postal regulations, initial adjudication of indemnity claims is conducted by the St. Louis Accounting Service Center. See DMM § S010.4.1. A customer may appeal the denial of an indemnity claim by filing a written appeal to the Manager, Claims Appeals, within three months of the date of the original decision. See DMM § S010.4.2. If the Manager affirms the denial of the indemnity claim, the claimant may submit an appeal to the Office of the Consumer Advocate at Postal Service Headquarters, which issues the final agency decision. See DMM § S010.4.3.

## STATEMENT OF FACTS

In his small claims complaints,[6] Plaintiff alleges that he purchased postal insurance and then mailed four parcels containing sports memorabilia on September 16, 2003, and one parcel containing sports memorabilia on October 24, 2003.

---

[6] On or about January 28, 2004, Plaintiff filed three small claims civil actions in Concord District Court, Concord, Massachusetts. A default was entered against the United States on or about March 23, 2004, but said default was vacated after hearing on May 11, 2004, for good cause and the clerk dismissed the action for that Court's lack of subject matter jurisdiction.

Plaintiff alleges that in each of the five instances, the intended recipients never received the parcels. Accordingly, Plaintiff filed indemnity claims as to each.

On December 24, 2003, the St. Louis Accounting Service Center of the Postal Service sent Plaintiff five settlement checks in varying amounts after adjudicating Plaintiff's claims.[7] Plaintiff has failed to cash the checks, and continues to seek damages for the difference between the value of the settlement checks and the value, in his opinion, of the missing parcels.

**ARGUMENT**

I. **PLAINTIFF'S TORT CLAIM IS BARRED BY SOVEREIGN IMMUNITY.**

    A. **Plaintiff Has Failed To Exhaust Available Administrative Remedies Pursuant To The FTCA.**

The FTCA is a limited waiver of sovereign immunity, so its provisions must be strictly construed. The two-pronged administrative remedy requirement of section 2675(a) of Title 28, United States Code, is an absolute prerequisite to federal district court jurisdiction. That section provides, in pertinent part, that:

> An action <u>shall</u> <u>not</u> be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the

---

[7] While Plaintiff failed to timely appeal the Postal Service's determination of his claims, the undersigned counsel for the United States was able to convince the Postal Service to toll the limitations period in order that he could submit a late appeal. These appeals were adjudicated, and then denied by the Postal Service in early 2005.

claimant [1] <u>shall have first presented the claim to the appropriate federal agency</u>; and [2] his claim shall have been finally denied by the agency . . . .

28 U.S.C. § 2675(a) (emphasis supplied); <u>see also</u> <u>Odin v. United States</u>, 656 F.2d 798, 802 (D.C. Cir. 1981). The purposes of this component of the FTCA are to ease court congestion and obviate the need for unnecessary litigation, while making it possible for the federal government to expedite the fair settlement of tort claims made against it and providing for the fair and equitable treatment of private citizens involved in litigation with their government. <u>Adams v. United States</u>, 615 F.2d 284, 288 (5th Cir. 1980) (citing S. Rep. No. 1327, 89th Cong., 2d Sess. 2516, <u>reprinted in</u> 1966 U.S.C.C.A.N. 2515, 2516), <u>reh'g denied</u>, 622 F.2d 197 (5th Cir. 1980). The requirement of section 2675 is also helpful in bringing "to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant." <u>Rise v. United States</u>, 630 F.2d 1068, 1071 (5th Cir. 1980).

Although Plaintiff has made use of the indemnity claims procedure, Plaintiff does not allege that he has exhausted his administrative tort claims remedies. Plaintiff would be remiss in suggesting that these administrative remedies overlap, for procedures for adjudication of tort claims are separate and distinct from those for indemnity claims. <u>Compare</u> DMM § S010 <u>with</u> 39 C.F.R. Part 912. Adjudication of indemnity claims is performed pursuant to the Postal Service's authority under Title 39 to adopt rules and regulations and provide mail services

to the general public. See 39 U.S.C. §§ 401, 403, 404.[8] The Postal Service's adjudication of administrative tort claims, on the other hand, is performed pursuant to the FTCA, 28 U.S.C. §§ 2671-2680 and 39 U.S.C. § 409(c), which makes the FTCA applicable to tort claims arising out of activities of the Postal Service. See 39 C.F.R. Part 912 (authority section). The separation of these functions is deliberate and necessary, for separate offices within the Postal Service are generally responsible for adjudicating indemnity and tort claims and different laws apply to each. Specifically, Postal Service regulations in the DMM govern indemnity claims, whereas state tort law generally governs administrative tort claims. See 28 U.S.C. § 1346(b).

To date, Plaintiff has only made use of the indemnity claims adjudication process in the DMM. Plaintiff has not alleged exhaustion of administrative tort remedies pursuant to 39 C.F.R. Part 912. Therefore, in the absence of exhaustion of available tort claims administrative remedies, Plaintiff's claim for damages against the Government under the FTCA cannot be maintained.

    **B.    Plaintiff's Claim, To The Extent It Sounds In Tort, Is A Claim For The Negligent Transmission Of Mail, And Thereby Falls Outside The Waiver Of Sovereign Immunity Embodied In The Federal Tort Claims Act.**

It is beyond contravention that the United States, as

---

[8] The list of authorities for the Domestic Mail Manual includes: 5 U.S.C. § 552(a); 39 U.S.C. §§ 101, 401, 403, 404, 3001-3011, 3201-3219, 3403-3406, 3621, 3626, 5001. See 39 C.F.R. Part 111 (authority section).

sovereign, is "immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (quoting United States v. Testan, 424 U.S. 392, 399 (1976)). The United States Supreme Court has consistently held that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Lehman, 453 U.S. at 161 (quoting Soriano v. United States, 352 U.S. 270, 276 (1957)).

By enacting the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, Congress provided a waiver of sovereign immunity in certain cases; however, Congress specifically retained sovereign immunity with respect to claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. ' 2680(b); Allied Coin Investment, Inc. v. United States Postal Service, 673 F. Supp. 982, 984 (D. Minn. 1987).[9]

---

[9] The operation of the exception to the waiver of sovereign immunity embodied in 28 U.S.C. § 2680(b) is in no way precluded by the "sue and be sued" clause of 39 U.S.C. § 401(1). The FTCA plainly provides that:

> the authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) . . . .

28 U.S.C. § 2679(a); see also Anderson v. United States Postal Service, 761 F.2d 527 (9th Cir. 1985) (Exception to the waiver of sovereign immunity embodied in 28 U.S.C. § 2680(b) "remains as one of the limitations to consent to suit which Congress specifically retained for the Postal Service" despite passage of "sue and be sued" provision of 39 U.S.C. § 401(1)); Sportique

Plaintiff seeks recovery for loss or nondelivery of several insured mail pieces. Plaintiff's claim, to the extent it sounds in tort, falls squarely within the exception to the waiver of sovereign immunity embodied in the FTCA for claims relating to the loss, misdelivery, or negligent transmission of mail matter. See 28 U.S.C. 2680(b). As such, Plaintiff's claim is precisely the type of action that Congress sought to bar, and must therefore be dismissed. See Insurance Co. of North America v. United States Postal Service, 524 F. Supp. 349 (W.D. La. 1981), aff'd 675 F.2d 756 (5th Cir. 1982); Sportique Fashions, Inc. v. Sullivan, 597 F.2d 664 (9th Cir. 1979); Allied Coin Investment, 673 F. Supp. at 987.

Courts have long recognized that the liability of the Postal Service for losses related to the mails is defined exclusively by the provisions of applicable postal regulations. Twentier v. United States, 109 F. Supp. 406, 408-09 (Ct. Cl. 1953). In Twentier, the Court of Claims ruled that:

> The United States is liable to the owners of lost or damaged mail only to the extent to which it has consented to be liable, and the extent of its liability is defined by the Postal Laws and Regulations. Public policy requires that the mails shall be carried subject to these regulations, . . . and the liability of the Government in case of loss or damage is fixed by these regulations.

Twentier, 109 F. Supp at 408-09; see also Marine Insurance Co., Ltd. v. United States, 410 F.2d 764, 765-66 (Ct. Cl. 1969). Because the terms of postal insurance are published as regulations of the Postal Service, traditional contract doctrines do not apply to postal insurance coverage. Ridgway Hatcheries, Fashions, Inc. v. Sullivan, 597 F.2d 664, 665-66 & n.2 (9th Cir. 1979).

Inc. v. United States, 278 F. Supp. 441, 443 (N.D. Ohio 1968). In Ridgway Hatcheries, the plaintiff sought recovery against the Postal Service for losses sustained as a result of the death of goslings shipped via insured mail. The plaintiff argued that the terms of postal insurance should be construed in favor of the plaintiff pursuant to the rule of construction that the terms of a contract will be construed most strongly against the drafter. The court, however, held that the rule was inapplicable to government postal insurance. The court reasoned:

> [t]he postal insurance regulations are promulgated pursuant to statutory authority, and therefore have the force and effect of law . . . The reason for the rule does not exist in cases involving standard policies the terms of which are fixed by law.

Ridgway Hatcheries, 278 F. Supp. at 443 (citations and footnotes omitted). More recently, contract claims were rejected in Allied Coin Investment, Inc. v. United States Postal Service, 673 F. Supp. 986 (D. Minn. 1987). In Allied Coin, the plaintiff sent rare coins by Express Mail from Michigan to Minnesota. The coins never arrived. Plaintiff framed its complaint in theories of contract and negligence, and characterized the Postal Service as a common carrier, a commercial bailee, and a party to an express contract. The court rejected these alternative grounds and granted the Postal Service's motion for summary judgment. The court observed that, "[w]hile the characterization of the USPS as a common carrier, or a commercial bailee, or a party to an express contract is artful--the ultimate claim of liability

remains misdelivery." Allied Coin Investment, 673 F. Supp. at 986.

Thus, traditional contract principles do not apply here.[10] Rather, Plaintiff must look to Postal Service regulations for a basis for recovery.

## CONCLUSION

Based upon the foregoing, the United States respectfully requests that the Court dismiss Plaintiff's action with prejudice.

---

[10] Moreover, to the extent that Plaintiff would assert a contract theory of recovery, the United States Court of Federal Claims maintains exclusive jurisdiction over any claim upon an express or implied contract with the United States pursuant to the Contract Dispute Act of 1978. See 41 USC § 609(a)(1); Spodek v. USPS, 35 F. Supp.2d 160, 166-7 (D.Mass. 1999)

          Respectfully submitted,

          UNITED STATES POSTAL SERVICE,

          By its attorney,

          MICHAEL J. SULLIVAN
          United States Attorney

_____  By:  Gina Y. Walcott-Torres
          Assistant U.S. Attorney
          Moakley U.S. Courthouse
          1 Courthouse Way, Suite 9200
          Boston, MA 02210
          (617) 748-3369
          BBO No. 565787

Dated: April 30, 2005


**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have this 30th day of April 2005, served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

    Daniel Ferullo (d/b/a Hit & Run Sports and Games), *pro se*,
    523 Lowell Street,
    Lexington, MA 02420

_____
    Gina Y. Walcott-Torres
    Assistant United States Attorney

5