United States District Court
District of Massachusetts

```
-------------------------------------
                                    )
DANIEL FERULLO d/b/a HIT & RUN      )
SPORTS AND GAMES,                   )
                                    )
          Plaintiff,                )    Civil Action No.
                                    )    04-12016-NMG
     v.                             )
                                    )
UNITED STATES POSTAL SERVICE,       )
                                    )
          Defendant.                )
-------------------------------------)
```

MEMORANDUM & ORDER

GORTON, J.

In the instant dispute, Daniel Ferullo ("Ferullo"), d/b/a Hit & Run Sports and Games, proceeding pro se, alleges that the United States Postal Service ("the USPS") has been negligent in the delivery of insured packages sent by him through the mail.

On January 1, 2004, Ferullo filed three actions in Massachusetts Small Claims Court against the USPS alleging that, on three occasions, Ferullo mailed packages which were never delivered or were delivered to the wrong person. On September 17, 2004, defendant removed the surviving, consolidated action to this Court pursuant to 28 U.S.C. § 2679 (permitting removal of actions arising under the Federal Tort Claims Act). On May 4, 2005, defendant moved to dismiss for lack of subject matter jurisdiction.

The defendant is correct that this Court lacks jurisdiction

-1-

over this case. To the extent that Ferullo's action sounds in tort, his suit fails because the USPS is immune from suits arising from "loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). The fact that Ferullo alleges that the packages were delivered to an individual who was perpetrating a fraud is irrelevant because there is no allegation that the USPS was complicit in that scheme. Rather, the USPS was, at most, negligent in relinquishing the packages. Thus, 28 U.S.C. § 2680(b) bars plaintiff's suit.

To the extent his action sounds in contract (because the mail was insured), plaintiff must sue in the United States Court of Federal Claims because the contract, if there was one, was between him and the United States. 41 U.S.C. § 609(a)(1). Thus, this Court lacks subject matter jurisdiction over this case whether it sounds in tort or contract. The defendant's Motion to Dismiss (Docket No. 7) is **ALLOWED** and this case is **DISMISSED**. **So ordered.**

                                                _____
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated June 13, 2005